1

2

3

4

5

6         **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8

9  Quinn Wyatt Bishop,                          No. CV-15-00259-TUC-DCB (DTF)

10            Petitioner,                        **REPORT AND**
                                                 **RECOMMENDATION**
11  v.

12  Charles L Ryan, et al.,

13            Respondents.

14

15        Petitioner Quinn Wyatt Bishop (Petitioner), presently incarcerated at the

16  Arizona State Prison Complex – Cerbat Unit, in Kingman, Arizona, filed a Petition

17  for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of

18  Practice of the Court, this matter was referred to Magistrate Judge Ferraro for

19  Report and Recommendation. Before the Court are the Petition (Doc. 1) and

20  Respondent's Answer to Petition for Writ of Habeas Corpus (Doc. 11). The

21  Magistrate Judge **recommends** the District Court, after its independent review of

22  the record, **dismiss** the Petition.

23        **Factual and Procedural Background**

24        On August 11, 2011, Petitioner hit a pedestrian while driving his vehicle

25  under the influence of alcohol. (Doc. 1 at p. 6.) The pedestrian was seriously

26  injured. (*Id.*) On April 18, 2013, Petitioner pled guilty to leaving the scene of an

27  accident resulting in death or serious physical injury, aggravated assault, and

28  driving under the influence of intoxicating liquor or drugs. (Doc. 11 at Exs. A and

1  B.) On May 14, 2013, Petitioner was sentenced to a 7-year term of imprisonment,

2  to be followed by 5 years of probation. (Doc. 11 at Ex C.)

3  On May 28, 2013, Petitioner filed a notice of post-conviction relief (PCR)

4  pursuant to Rule 32, Ariz. R. Crim. P. (Doc. 11 at Ex. D.) On August 22, 2013,

5  Petitioner's court appointed PCR counsel filed a notice advising the trial court that

6  she found "no legal issues of merit" after her review. (Doc. 11 at Ex. F.)  On

7  August 23, 2013, the trial court entered an order allowing Petitioner 45 days to file

8  a PCR petition *pro se*. (Doc. 11 at Ex. G.) The time for Petitioner to file a *pro se*

9  PCR petition was subsequently extended and, on November 1, 2013, Petitioner

10  timely filed a *pro se* PCR petition. (Doc. 11 at Exs. H, I, J, and K.) The state

11  responded and Petitioner filed a reply. (Doc. 11 at Exs. L and M.)

12  Petitioner's PCR petition asserted claims of newly discovered evidence,

13  illegal sentence, and ineffective assistance of counsel (IAC). (Doc. 11 at Exs. I, J

14  and K.) The trial court denied relief. (Doc. 11 at Ex. N.) Petitioner appealed to the

15  Arizona Court of Appeals. (Doc. 11 at Ex. O.) The court of appeals granted review,

16  adopted the ruling of the trial court, and denied relief. (Doc. 11 at Ex. P.) Petitioner

17  did not petition for review by the Arizona Supreme Court. (Doc. 11. at Ex. Q.)

18  Petitioner filed the instant Petition on June 15, 2015. (Doc. 1) Petitioner

19  claims "[c]ounsel was prejudicially ineffective for dispensing defective and

20  erroneous advice to [Petitioner] to plead guilty to Count 1 … when there was

21  reasonable doubt as to all the elements" because he "substantially complied" with

22  Arizona's leaving the scene statute (Ariz. Rev. Stat. § 28-661). (*Id*. at p. 6.)

23  Petitioner also claims that his counsel was ineffective for failing to locate and

24  interview a witness. (*Id*. at p. 6-A.)

25  **Exhaustion and Procedural Default**

26  "Before seeking federal habeas relief, a state prisoner must exhaust available

27  state remedies, 28 U.S.C. § 2254(b)(1), giving the State the 'opportunity to …

28  correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541

U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). (Additional citations omitted.) A prisoner in Arizona exhausts a claim for federal review by presenting it to the Arizona Court of Appeals. *See, e.g., Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004) ("To exhaust his Arizona remedies, Castillo had to give the Arizona courts a 'fair opportunity' to act on his federal due process claim before presenting it to the federal courts…"); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (except in cases in which life sentences or the death penalty has been imposed, Arizona state prisoners properly exhaust their claims for the purpose of federal habeas corpus by presenting them to the Arizona Court of Appeals).

Petitioner's claim that his counsel was ineffective for failing to locate and interview a witness is not exhausted as a result of Petitioner's failure to 'fairly present' this claim in his state court PCR proceedings. As mentioned above, to exhaust state remedies a petitioner must give the state court a fair opportunity to act on his federal claim. *Castillo*, 399 F.3d at 998. Fair presentation of a claim for exhaustion purposes requires "reference to a specific federal constitutional guarantee." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A fair presentation of a claim includes describing in the state court proceedings both the operative facts and the appropriate federal-law basis for the claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

In his state PCR petition Petitioner makes a passing reference to a "woman that stopped to help" who "was never questioned about [the accident] and if so this information was never disclosed to defendant." (Doc. 11 at Ex. I at p. 9, ¶ 21.) The statement is made under a heading entitled "Accident Detail" in a document attached as an exhibit to Petitioner's PCR petition (*Id.* at p. 8.) Petitioner mentions this witness and the assistance that she rendered at the accident scene in his reply. (Doc. 11 at Ex. M at pp. 10-12.) The trial court's ruling on Petitioner's PCR petition does not address any IAC claim for counsel's alleged failure to interview

1    or disclose a witness. (Doc. 11 at Ex. N.) In Petitioner's appeal of the trial court's

2    denial of his PCR petition he argues that his PCR petition stated a colorable claim

3    of IAC because "counsel failed to locate and interview […] a key witness that

4    would have corroborated Defendant's version of events that took place after the

5    accident and until police arrived." (Doc. 11 at Ex. O at p. 7.) In an unpublished

6    opinion, the court of appeals granted review and denied relief never mentioning

7    Petitioner's failure-to-locate-a-witness IAC claim. (Doc. 11 at Ex. P.)

8          This Court determines that Petitioner did not fairly present a claim based on

9    counsel's alleged failure to locate a witness. As mentioned above, in order to

10   provide the state with the necessary opportunity to correct any error a prisoner

11   must fairly present his claim in each appropriate state court alerting that court to

12   the federal nature of the claim. *Baldwin*, 541 U.S. at 29. Although Petitioner

13   referred to a witness at the accident scene as an accident detail in an attachment to

14   his state court PCR petition, there is no reference to the federal nature of any claim

15   being made based upon this witness. (*See* Doc. 11 at Ex. I at p. 9.) "Even where a

16   petitioner argues that an error deprived him of a 'fair trial' or the 'right to present a

17   defense,' unless the petitioner clearly alerts the court that he is alleging a specific

18   federal constitutional violation, the petitioner has not fairly presented the claim."

19   *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004) (citing *Johnson v. Zenon*, 88

20   F.3d 828, 830-31 (9th Cir. 1996) (holding that where petitioner argued that an

21   evidentiary error was not harmless only under *state* law, petitioner "never apprised

22   the state court of the federal nature of his claim," and did "not satisf[y] the fair

23   presentation prong of the exhaustion requirement") (Emphasis in original.). Indeed,

24   neither the prosecution (in its response to Petitioner's state court PCR petition), nor

25   the trial court, addressed Petitioner's mention of his counsel's alleged failure to the

26   witness. (Doc. 11 at Ex. L at p. 2; Ex. N.)

27         Petitioner's mention of this alleged error by his trial counsel to the court of

28   appeals in his petition for review does not compel a different result. As mentioned

1   above, a petitioner must fairly present his claim in *each* appropriate state court. *See*

2   *Baldwin*, *supra*. Petitioner did not fairly present this as a claim at the state trial

3   court level and, therefore, he has not presented this claim in each appropriate state

4   court.

5          Because Petitioner failed to fairly present this failure-to-locate-a-witness

6   IAC claim in each appropriate state court this IAC claim has not been properly

7   exhausted. Petitioner cannot return to state court and properly exhaust this claim

8   because the time period for exhausting this claim has expired. *See* Ariz. R. Crim. P.

9   32.2, 32.4(a); *State v. Mata*, 916 P.2d 1035, 1050-52 (Ariz. 1996) (en banc). As

10  such, Petitioner's failure to locate a witness IAC claim is technically exhausted but

11  procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

12         Before this Court can address the merits of a procedurally defaulted claim

13  Petitioner must show either (1) a fundamental miscarriage of justice or (2) "cause"

14  for the procedural default and "actual prejudice" resulting from the alleged error.

15  *See Schlup v. Delo*, 513 U.S. 298, 314-315 (1995) (fundamental miscarriage of

16  justice); *Murray v. Carrier*, 477 U.S. 478, 492 (1986) (cause and actual prejudice).

17  The Petition makes no effort to establish either a fundamental miscarriage of

18  justice or "cause" for the procedural default and "actual prejudice." (*See* Doc. 1.)

19  Additionally, despite having been granted an extension of time to submit a reply

20  Petitioner failed to do so. (*See* Dkt.)

21         In light of the foregoing, the Court concludes that Petitioner's IAC claim

22  based on his counsel's alleged failure to locate a witness is procedurally defaulted.

23  The Court has not been presented with any grounds on which to excuse the

24  procedural default.  As such, Petitioner's failure-to-locate-a-witness IAC claim is

25  not reviewable by the Court.

26         Petitioner's other claim is that his counsel was ineffective because he

27  advised Petitioner to plead guilty to the charge of leaving the scene of an accident

28  causing death or serious injury when there was allegedly insufficient evidence to

prove all the elements of this offense. Petitioner made this claim in his PCR proceeding. (Doc. 11. at Ex. M at p. 3.) Petitioner also made this claim to the Arizona Court of Appeals when he sought review of the trial court's denial of his PCR petition. (Doc. 11 at Ex. O at pp. 4-6.) As such, Petitioner has properly exhausted this claim and the Court's recommendation on the merits of this claim is set forth below.

**Petitioner's Claims Lack Merit**

*Petitioner's Exhausted IAC Claim*: Section 2254, 28 U.S.C., prohibits this Court from issuing a writ of habeas corpus unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established precedent if the state court applies a rule that contradicts the governing law set forth by the Supreme Court or if the state court arrives at a result different from Supreme Court precedent on materially indistinguishable facts. *Early v. Packer*, 537 U.S. 3, 8 (2002). The "unreasonable application" clause of § 2254(d)(1) requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409-12 (2000)). The federal habeas court's review of a § 2254 claim asserting ineffective assistance of counsel is doubly deferential. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). (Citations and quotations omitted.) A state court's factual determination "shall be presumed to be correct" on federal habeas review and a petitioner can overcome that presumption only by "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*,

566 U.S. 156, 162 (2012). To show ineffective assistance of counsel, a defendant must show both that counsel's actions fell below an objective standard of reasonableness and that the defendant suffered prejudice as a result. *Strickland*, 466 U.S. at 687-88. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the plea-bargaining context, "a defendant must show the outcome of the plea process would have been different with competent advice." *Cooper*, 566 U.S. at 162.

Petitioner pled guilty to violating Ariz. Rev. Stat. § 28-661 which provides, in relevant part,

> A. The driver of a vehicle involved in an accident resulting in injury to or death of a person shall:
>
> 1. Immediately stop the vehicle at the scene of the accident or as close to the accident scene as possible but shall immediately return to the accident scene.
>
> 2. Remain at the scene of the accident until the driver has fulfilled the requirements of 28-663.

Ariz. Rev. Stat. § 28-661. Relevant here, Ariz. Rev. Stat. § 28-663 requires the driver of a vehicle involved in an accident resulting in injury to a person to (1) give the driver's name and address and the registration number of the vehicle the driver is driving; (2) on request, exhibit the person's driver license to the person struck; and (3) render reasonable assistance to a person injured in the accident. Ariz. Rev. Stat. § 28-663. At the change-of-plea hearing the trial court asked Petitioner,

> On or about August 11, 2011, here in Pima County, did you as the driver of a motor vehicle that caused an accident resulting in serious physical injury to or the death of [the victim] fail to immediately stop your vehicle at the scene of the accident, and you failed to remain at the scene of the accident until you fulfilled the requirements of law?

(Doc. 11 at Ex. R at p. 7.) Petitioner's counsel responded affirmatively on his behalf and added that while Petitioner did stop at the accident scene, he did not immediately call the police and, while he tried to respond to the victim, because he was intoxicated he did so in an unreasonable manner. (Doc. 11 at Ex. R at pp. 7-8.) Upon inquiry by the trial court, Petitioner told the trial court that he agreed with his attorney's rendition. (*Id.* at p. 8.) The prosecutor thereafter stated: "My understanding is that Mr. Bishop remained on scene but pretended to just be an on looker or trying to aid people, but did not acknowledge being the driver of the vehicle and, therefore, didn't provide his information." (Doc. 11 at Ex. R at p. 8.) At sentencing the prosecutor told the trial court,

> … [W]hen the defendant hit Michael, he stayed on the scene for about ten minutes. By happenstance two telephone workers happened to be about an eighth of a mile away, see the car, described the car, were able to vaguely describe the car and the person. And they saw the defendant stay on the scene about ten minutes.

> He drives way, about a quarter of a mile down the road, and parks his car in a manner to conceal the car without doubt. There's bushes, trees. There were lots of different places off the road he could have parked prior to going into the parking lot of a closed church.

> He then walks back to the scene, doesn't call 911. When he arrives on scene, he stays with Michael for another significant period of time. It's only until another passerby stays on scene, she sees what's going on, and she actually calls 911.

> By that time, by the time the ambulance came, well over 30, 45 minutes had passed.

(Doc. 11 at Ex. S at pp. 11-12, ll. 24-18.)

In reply in support of his PCR petition, Petitioner described his actions that night as he was driving and hit something, he stopped, got out of his vehicle, realized that he hit a person, checked on the person, moved his vehicle out of the

roadway, parked it across the street, went back to the scene and waited for help to arrive. Petitioner states that he told a woman who was passing by who had stopped to help to call 911 but the woman was already doing so. (Doc. 11 at Ex. M at pp. 9-13.) Petitioner also admits to giving a false statement to a police officer that night. (*Id*.) In light of the events as told by Petitioner, Petitioner argued in his PCR petition that his counsel rendered ineffective assistance because Petitioner believed that he "substantially complied" with the requirements of the law. (Doc. 11 at Ex. M at pp. 2-5.) The trial court denied relief reasoning,

> Petitioner claims that he substantially complied with the law requiring one not to leave the scene of an accident. His position on this issue was made clear at time of the plea and at time of sentencing, but the fact remains that he initially left the scene of the accident.

(Doc. 11 at Ex. N. at p. 5.)

Based upon the undisputed record the Court cannot conclude that Petitioner is entitled to habeas relief. Petitioner admits that he initially left the accident scene without rendering reasonable assistance and the record is clear that a passerby who stopped to helped called 911. Petitioner has failed to show that the outcome of the plea process would have been different (as required by *Cooper*) or that counsel's actions fell below an objective standard or reasonableness and that he (Petitioner) suffered prejudice as a result (as required by *Strickland*). Petitioner is not entitled to habeas relief on his exhausted IAC claim.

*Petitioner's Unexausted IAC Claim*: Petitioner claims that a witness who his counsel failed to locate would have corroborated his version of events that occurred after the accident. Assuming this to be the case Petitioner's counsel was not ineffective in allegedly failing to locate the witness because, by Petitioner's own representation, this witness would not dispute that Petitioner initially left the scene without rendering reasonable assistance. Indeed, the Petition reads that the

witness "would have corroborated Defendant's version of the events that took place after the accident and until the police arrived." (Doc. 1 at p. 6-A.)

Petitioner's exhausted and unexhausted IAC claims are without merit.

**Petitioner is Not Entitled to an Evidentiary Hearing**

Petitioner has requested an evidentiary hearing. (Doc. 1 at p. 10.) The AEDPA imposes "'an express limitation on the power of a federal court to grant an evidentiary hearing" and limits "considerably the degree of the district court's discretion" to order such a hearing. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999) (quoting *Cardwell v. Greene*, 152 F.3d 331, 336 (4th Cir. 1998)).

*Petitioner's Exhausted IAC Claim*: "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181. *See also, Henry v. Ryan*, 720 F.3d 1073, 1093 n.15 (*Pinholster* bars an evidentiary hearing unless petitioner satisfies § 2254(d)). Petitioner is not entitled to a hearing on his exhausted IAC claim.

*Petitioner's Unexhausted IAC Claim*: Section 2254(e)(2) controls whether a petitioner may receive an evidentiary hearing in federal district court on the claims that were not developed in the state courts. *See Williams*, 529 U.S. at 429. The AEDPA bars a hearing

> unless the applicant shows that –
>
>    (A) the claim relies on –
> …
>       (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

*Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000) (citing 28 U.S.C. §

2254(e)(2)(A)(ii)-(B)). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Williams*, 529 U.S. at 437. "For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error." *Id.*

A petitioner may receive an evidentiary hearing in Arizona state court on a PCR petition only if he states a "colorable claim"; that is, a claim that "presents a material issue of fact or law which would entitle the defendant to relief." Ariz. R. Crim. P. 32.6(c). A petitioner cannot establish a "colorable claim" for relief without supporting the PCR petition with "[a]ffidavits, records, or other evidence […]." Ariz. R. Crim. P. 32.5. If the prisoner fails to diligently develop his claim in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements (set forth in § 2254(e)(2)) are met. *Williams*, 529 U.S. at 437. Even if a prisoner satisfies 28 U.S.C. § 2254(e)(2)'s requirements, the Court is not required to grant an evidentiary hearing. *See Downs*, 232 F.3d at 1041 ("[E]ven assuming Downs's claim could clear the hurdle posed by § 2254(e)(2), the fact that a hearing would be permitted does not mean that it is required. The district court retains discretion whether to hold one.") Finally, the habeas court need not conduct an evidentiary hearing where it can resolve the claims by referring to the state court record. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

Petitioner was not diligent in presenting his unexhausted claim in state court. As explained above Petitioner did not present his failure-to-locate-a-witness IAC claim at the trial court level. It follows that Petitioner did not diligently pursue the factual development of this claim as he is required to before this Court may exercise its discretion and hold an evidentiary hearing. Also, this Court can resolve Petitioner's unexhausted claim by reference to the state court record.

…

**RECOMMENDATION**

Petitioner's IAC claim based upon counsel's failure to locate a witness is procedurally defaulted and the default cannot be excused. Even if the default could be excused the claim is without merit. Petitioner's IAC claim based upon counsel's advice to Petitioner to plead guilty lacks merit. Petitioner is not entitled to an evidentiary hearing on either of his claims. Based on the foregoing, the Magistrate Judge recommends the District Court **DISMISS** the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **15-CV-00259-DCB**.

Dated this 11th day of May, 2017.

D. Thomas Ferraro
United States Magistrate Judge